**David HENDERSON, Plaintiff,**

v.

**Manuel LUJAN, Secretary of the Department of the Interior, et al., Defendants.**

Civ. A. No. 91–1356.

United States District Court, District of Columbia.

June 19, 1991.

Jay Alan Sekulow, Atlanta, Ga., Douglas W. Davis, Christian Advocates Serving Evangelism, Virginia Beach, Va., Jordan Lorence, Christian Advocates Serving Evangelism, Washington, D.C., for plaintiff.

John C. Cleary, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM, OPINION AND ORDER GRANTING INJUNCTIVE RELIEF

REVERCOMB, District Judge.

This case involves a challenge to a United States Park Service regulation which prohibits "[t]he sale or distribution of newspapers, leaflets, and pamphlets, conducted without the aid of stands or structures" in the area of the Vietnam Veterans Memorial ("the Memorial"). 36 C.F.R. § 7.96(j)(2)(vi). The plaintiff challenges this restriction to the extent that it prohibits the free distribution of literature on the sidewalks adjacent to Constitution Avenue and Henry Bacon Drive, which fall within the boundaries of the Memorial as defined by the regulation.

On June 5, 1991, the Court issued a Temporary Restraining Order enjoining the Park Service from enforcing this regulation against the plaintiff. Subsequently, the Court consolidated the case for briefing and hearing on the plaintiff's application for a preliminary injunction with consideration of the merits of the action. Briefs were submitted, including *amici curiae* briefs from the American Civil Liberties Union and the Vietnam Veterans Memorial Fund, Inc., and an evidentiary hearing was held June 18, 1991. Upon consideration of the pleadings and the entire record in this case, the Court makes the following findings and conclusions.

The parties agree that the standard for reviewing the regulatory restriction at issue here depends upon the nature of the forum to which the restriction applies. In this respect, the Court's decision is guided by the Supreme Court's recent explanation that "the location and purpose of a publicly-owned sidewalk is critical to determining whether such a sidewalk constitutes a public forum." *United States v. Kokinda*, — U.S. —, 110 S.Ct. 3115, 3121, 111 L.Ed.2d 571 (1990).

In asserting that the sidewalks at issue here are a nonpublic forum, the government argues that the Court should consider as part of the location and purpose of the sidewalk the intent of the government in limiting speech in the area. The government stresses the unique nature of the Vietnam Veterans Memorial. At the hearing, the government's counsel described the Memorial as a radical departure from other war memorials in that it is intended as a place of reconciliation and healing for the visitors. The government and its witnesses assert that the sidewalks surrounding the Memorial are an integral part of the Memorial's landscape scheme.[1] Many visitors enter and exit the Memorial from the sidewalks, and the Park Service believes that the atmosphere of the Memorial should be extended to those areas.

The government also stresses the tradition of regulation of speech on these sidewalks. As far back as 1979, the Park Service limited leafletting in the area at issue here. At that time, the sidewalks were considered part of the Constitution Gardens. 36 C.F.R. § 50.24(c)(2)(iv) (1983). That limitation continued in effect until the sidewalks were redefined in 1984 as part of the Memorial and subjected to the same restriction pursuant to the regulation challenged in this case.

■ Although the Court recognizes the government's intention to integrate the sidewalks into the Memorial's landscape scheme, the Court also notes that the government cannot "transform the character of the property by the expedient of including it within the statutory definition of what might be considered a nonpublic forum parcel of property." *United States v. Grace*, 461 U.S. 171, 180, 103 S.Ct. 1702, 1708, 75 L.Ed.2d 736 (1983). In this case, the Court finds that the sidewalks, though defined as part of the Memorial grounds, vary little from other public sidewalks surrounding the mall area. Although the sidewalks are located at the entrance to the Memorial, they are at least 100 feet from the Memorial Wall.[2] In addition, the Court finds that the limitation on speech which has been applied to these sidewalks for the past twelve years does not, of itself, transform these otherwise traditionally public forums into nonpublic forums.

■ Having determined that the sidewalks at issue in this case are public forums, the Court's focus shifts to an examination of the specific restriction on speech challenged. In reviewing a regulation which limits protected speech in a public forum, the Court must examine whether

---

1. Although originally not included within the defined boundaries of the Memorial, two years after the opening of the Memorial, the Park Service amended its regulations to encompass the sidewalks at issue here. 49 Fed.Reg. 39,677 (Oct. 10, 1984). This amendment was prompted by the Park Service's experience after two years that certain activities were inconsistent with the Memorial's purpose. In addition, the sidewalks represent the main points of ingress to and egress from the Memorial.

2. The sidewalk along Henry Bacon Drive is located between 109 and 162 feet from the Memorial wall, and the Constitution Avenue sidewalk lies between 219 and 260 feet from the wall.

the restriction is content neutral, whether it is narrowly tailored to serve a significant government interest, and whether the restriction leaves open ample alternative channels of communication.[3]  *Clark v. CCNV*, 468 U.S. 288, 293, 104 S.Ct. 3065, 3068, 82 L.Ed.2d 221 (1984).

■ There is no question that the restriction at issue is content neutral or that it leaves open alternative channels of communication.  The dispute in this case focuses on whether the regulation challenged is narrowly tailored to serve its asserted purpose in maintaining an atmosphere of calm and tranquility at the Memorial.  The Court finds that the Park Service's interest in maintaining a tranquil atmosphere at the Memorial does not justify the prohibition against the distribution of free literature on the sidewalks at issue.  In so finding, the Court does not reach the issue of whether the restriction on other speech activity, such as the sale of literature, is appropriate given the Park Service's legitimate objectives.  The Court holds only that the regulation in question is overbroad to the extent that it prohibits the free distribution of literature.

Accordingly, the Court permanently enjoins the United States Park Service from enforcing 32 C.F.R. § 7.96(j)(2)(vi) to prohibit the free distribution of newspapers, leaflets and pamphlets on the Constitution Avenue and Henry Bacon Drive sidewalks surrounding the Vietnam Veterans Memorial.

### JUDGMENT ORDER

In accordance with the Memorandum, Opinion and Order Granting Injunctive Relief issued in the above-referenced case, judgment is entered in favor of the plaintiff, David Henderson.

---

**3.** The plaintiff has argued that the restriction in this case amounts to a complete prohibition on a form of speech protected by the First Amendment—the free distribution of literature.  Accordingly, the plaintiff asserts that the government must establish that its regulation is narrowly drawn to establish a *compelling* rather than a significant interest.  Because the Court finds that the regulation fails to satisfy the lesser standard asserted by the government as controlling in this case, the Court need not decide whether this case involves a complete ban on speech.